IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROBERT MELÉNDEZ,

Plaintiff

v.                                                                   CIVIL 07-2094 (GAG) (JA)

AUTOGERMANA, INC.,

Defendant

OPINION AND ORDER

The matter currently before this court is a motion by plaintiff Robert Meléndez to have this court reconsider the judgment of March 18, 2009 dismissing the action. (Docket Nos. 41 & 43.) To a great extent, plaintiff relies on a ruling in his favor by a Puerto Rico Court of First Instance, San Juan Part, issued on March 30, 2009. Plaintiff also avers that this court failed to properly scrutinize the final page of defendant's February 25, 2006 memorandum to its staff. (Docket No. 43, at 3, Docket No. 32-7, at 6.) Defendant Autogermana, Inc. ("Defendant") filed a response in opposition on April 20, 2009. (Docket No. 44.) For the following reasons, plaintiff's motion for this court to reconsider the judgment of March 18, 2009 is DENIED.

Rule 59(e) allows a party to petition the court to alter or amend its judgment within 10 days of entry of said judgment. Fed. R. Civ. P. 59(e). Specifically, "Rule 59(e) allows a party to direct the district court's attention to

CIVIL 07-2094 (GAG)(JA)                    2

newly discovered material evidence or a manifest error of law or fact . . . . " DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 2001); see Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n.2 (1st Cir. 2004).  The manifest error of law much be clearly established.  F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992).  However, the rule does not allow a party to "advance arguments that could and should have been presented to the district court prior to judgment"; nor does it "provide a vehicle for a party to undo its own procedural failures."  DiMarco-Zappa v. Cabanillas, 238 F.3d at 34.  Further, a motion under Rule 59(e) is inappropriate when used to present new evidence that is not "newly discovered."  Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994).

　　　　Plaintiff submits the decision of the Puerto Rico Court of First Instance, presumably a favorable ruling, as support for his motion. (Docket No. 43-2.)  This decision is untranslated.  Under 48 U.S.C. § 864, "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language."  Any untranslated documents may not be considered by this court.  Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008) (quoting González-de-Blasini v. Family Dep't, 377 F.3d 81, 89 (1st Cir. 2004)).  Because there is no accompanying translation of the Court of First Instance decision, this court may not consider it.

CIVIL 07-2094 (GAG)(JA) 3

Plaintiff additionally submits that res judicata applies to the state court decision. (Docket No. 43, at 4 -5.) "Under 28 U.S.C. § 1738, federal courts must give the same effect to a state or territory judgment as the issuing jurisdiction would." Puerto Rican for P.R. Party v. Dalmau, 544 F.3d at 69 (citing Morón-Barradas v. Dep't of Educ., 488 F.3d 472, 479 (1st Cir. 2007)). Under Puerto Rican law, any party asserting a res judicata must make a tripartite showing: "(i) the existence of a prior judgment on the merits that is 'final and unappealable'; (ii) a perfect identity of thing or cause between both actions; and (iii) a perfect identity of the parties and the capacities in which they acted." R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 183 (1st Cir. 2006) (citing Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 61-62 (1st Cir. 2000)). Although the statute only explicitly states "res judicata", it also permits issue preclusion. Báez-Cruz v. Municipality of Comerío, 140 F.3d 24, 29 (1st Cir. 1998). "Once properly raised, a party asserting preclusion must carry the burden of establishing all necessary elements." 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4405, at 83 (2d ed. 2002).

Plaintiff does not make such a showing. Because this court is barred from considering the untranslated document, we may not weigh its evidentiary value. See Puerto Rican for P.R. Party v. Dalmau, 544 F.3d at 70 ("[A]s a matter of

CIVIL 07-2094 (GAG)(JA)                         4

evidence, [petitioner] did not put in the record a certified translation . . . of the prior Puerto Rico court proceedings," and thus could not satisfy evidence of the first prong of the tripartite test, existence of a prior judgment.)  We must then rely on plaintiff's own statement in our analysis.  Plaintiff himself admits that "the judgment entered in the parallel case is not final, [and] therefore cannot be considered in the case at bar as a [sic] collateral estoppel." (Docket No. 43, at 4, ¶ 2) (emphasis removed).  Therefore, we need not consider the issue of res judicata until the appropriate time.

Plaintiff's final argument is that this court, in our March 18, 2009 decision, failed to afford proper weight and consideration to the defendant's memorandum to its employees, dated February 25, 2006.  (Docket No. 32-7, at 6.)  Plaintiff strenuously argues that the eighteen-month period prior to his termination, during which he was acknowledged for his superior sales, should be dispositive in our determination.  This court cited Peters v. Renaissance Hotel Operating Co., 307 F.3d 535, 545-46 (7th Cir. 2002), for the proposition that the correct determination of whether an employee satisfies his employer's legitimate expectations is found at the time of her termination.  The court concluded that "[a]t the time of plaintiff's termination, he was required to sell an average of 13 cars a month over a three-month period:  if he sold between 86% and 99% of his quota, he would receive a 'performance memorandum'; if he sold 85% or less, he

CIVIL 07-2094 (GAG)(JA)                       5

was subject to immediate dismissal.  During the three months prior to being fired, defendant's records show that plaintiff sold 19 cars, less than half of his 39 car quota.  Defendant has clearly provided that it had a legitimate reason for terminating plaintiff's employment.  It did in fact discharge the worst performers." Meléndez v. Autogermana, Inc., Civ. 07-2094, 2009 WL 673343, at *5 (D.P.R. Mar. 17, 2009) (internal citations omitted).  The court relied on the document in question, including, specifically, the last page, in coming to its conclusion. (Docket 25-2.)

Plaintiff proffers no additional evidence in support of his claim, nor does he suggest a manifest error of law; rather, he attempts to solicit a presumably favorable opinion in the state court to convince this court of its legal fallacies.  Our subsequent evaluation does not move our opinion: the language of the memorandum still clearly evidences the policy of immediate termination of any employees failing to attain 85% of their immediately preceding quarterly quota. Plaintiff still clearly did not attain 85% of his sales quota in the period of March-June.  By these very terms, he was fired with cause.  Our ruling stands.

For these reasons, plaintiff's motion to reconsider our decision of March 18, 2009 is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, this 23d day of April, 2009.

                                                                S/ JUSTO ARENAS
                                            Chief United States Magistrate Judge